GIACOMO A. GENCO, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 27077.)

Court of Claims, May 12, 1942.

*Charles Lamb* [*William Alston Lamb* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Gerald J. Carey, Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J. Claimant filed this claim to recover against the State of New York the value of lands permanently appropriated for grade crossing elimination purposes, pursuant to chapter 677 of the Laws of 1928, and consequential damages to the remainder. The claim states that the property appropriated is situate in the borough of Queens, city and State of New York. It describes the two parcels taken by metes and bounds and then alleges as follows:

" VIII. The particulars of claimant's damages are as follows:

" For the fair and reasonable market value of the land and improvements so appropriated and the resulting damage to the remainder of claimant's property by reason of said appropriation * * * $40,000.00."

The Attorney-General has served a demand for bill of particulars which requires the claimant to:

" 1. State separately the alleged valuation of each and every improvement on parcel 222 at the time of the appropriation. Itemize and state separately the damage, if any, that it is claimed to said buildings or improvements as a result of appropriation

of parcel 222 and the work of the elimination, stating separately the amount claimed for direct damage to each and every improvement and the amount claimed, if any, for consequential damage to each and every improvement.

" 2. State separately the amount claimed for direct damage to the land as a result of the appropriation of parcel 222.

" 3. State separately the amount claimed for consequential damage to the remaining land as a result of the appropriation of parcel 222, and describe fully the manner in which it is claimed said appropriation or work of the elimination consequently damaged the remainder of the claimant's property."

Similar language requires the same information in respect to parcel No. 223. It is unnecessary to quote further.

The claimant has moved to vacate the demand for bill of particulars. Upon the argument the first sentence of the demand in respect to each parcel was withdrawn by the Attorney-General, viz., " State separately the alleged valuation of each and every improvement on parcel 222 at the time of the appropriation." Otherwise the demand as hereinabove quoted stands and the Attorney-General urges that he is entitled to compliance therewith. Counsel for claimant asserts that the demand for the bill of particulars is improper because the proceeding is one in the nature of condemnation of real property and there is no statutory provision for a bill of particulars in such a case. We are not cognizant of other suits in the Court of Claims brought to recover damages for lands appropriated wherein a bill of particulars has been demanded or ordered and no citation of authority or precedent for the granting or refusal to grant a bill of particulars in such a case is presented to us on this argument.

We think a bill of particulars is proper in a claim of this nature. However, in our opinion, the demand of the Attorney-General is too far-reaching in that it seeks details which might be the subject of opinion evidence to be elicited from experts in the value of real estate. It goes beyond the recognized purposes of a bill of particulars. Nevertheless to lump in one sum, if large or small, the value of the lands appropriated with the consequential damages to the remainder is insufficient particularization to enable the defendant State of New York to properly prepare for trial.

An order may be entered requiring claimant to serve a bill of particulars breaking down the sum demanded into the following items:

1. The value of parcel 222 appropriated by the State including the improvements thereon.

2. The consequential damage sustained by the remainder of the land as the result of the appropriation of said parcel.

3. The value of parcel 223 appropriated by the State including the improvements thereon.

4. The consequential damage sustained by the remainder of the land as the result of the appropriation of said parcel.

Such an order would meet the requirements of rule 9 of the Rules of the Court of Claims and conform to the suggested forms of pleading appearing in the appendix to said rules.

The order to be submitted may provide for the vacating of the demand in all other respects.