PRICE FIREPLACE HEATER & TANK CORPORATION, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32154.)

Court of Claims, January 15, 1954.

*Alfred A. Buerger* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for defendant.

RYAN, J.   By formal notice served on the claimant August 29, 1952, the State of New York has appropriated 2.445 acres of claimant's industrial property, located at 15 Forest Avenue in the city of Buffalo, for the Niagara Section of the New York State Thruway and claimant has filed its claim, pleading:

10.  The particulars of the claimant's damages are as follows:

| | |
|---|---:|
| 2.445 acres (106,518 sq. ft.) of land and improvements appropriated | $700,000.00 |
| .724 acres of remaining land damaged | 45,000.00 |
| Total | $745,000.00 |

The Attorney-General has demanded a verified bill of particulars requiring claimant to advise:

1.  What amount of the alleged damage of " $700,000.00 " is apportioned to the " land " and what amount is apportioned to " improvements ".

2.  What amount of the alleged as damage to " improvements " is apportioned to the buildings and what amount to equipment, facilities, etc.

3.  Name, locate and properly identify and describe the various buildings or improvements alleged to be affected by the appropriation, together with the value or damage alleged to have been sustained on each item.

4.  Name, describe and identify, together with its present location, such improvements, other than buildings, which are set forth as " improvements appropriated ".

5.  Set forth in detail, describing, identifying and locating such contents and equipment, etc., located in the various buildings and on the property appropriated, which claimant is contending or will contend, is personal property, together with the value placed upon each item.

6.  Set forth in detail, describing, identifying and locating fully such contents and equipment, etc., located in the various buildings and on the property appropriated, which claimant is contending or will contend, is part of the realty, together with the value placed upon each item.

Claimant has moved, in accordance with subdivision (a) of rule 115 of the Rules of Civil Practice, to vacate or modify the notice given on the basis that " the demand is too far reaching in that it seeks detail which might be the subject of opinion evidence to be elicited from experts in the value of real estate and otherwise seeks a detailed statement of evidentiary matter which would be unduly burdensome to the claimant and which is not properly the subject of a bill of particulars. Furthermore the demand seeks to require the claimant to detail its damages in a way not required of the claimant in its proof of damages upon the trial of the claim."

While unusual in an appropriation case, a bill of particulars may properly be demanded and the condemnor should be furnished with sufficient particularization to enable it to prepare properly for trial. (*Genco* v. *State of New York,* 178 Misc. 444.) Claimant asserts that it has in its pleading " provided * * * the precise breakdown required " by this court in the *Genco* case. Claimant further asserts that inasmuch as the defendant herein did the appropriating, and is in possession of the appropriated land and fixtures, it is " at least as well able as the claimant to determine what is realty and what is personalty and must do so as part of its preparation for trial of the claim irrespective of what the claimant might claim, since the State must pay for what and only what it appropriates."

Neither the claim, nor the attached official copy of the appropriation map and description of the property appropriated,

mentions that the State of New York took any of the claimant's personal property. However, upon the argument of this motion the Attorney-General made reference to the deed by which the subject property had been conveyed to this claimant and in particular to a recital therein which refers to certain '' fixtures, chattels and articles of personal property constructed or attached to said premises ''. The deed has been produced by claimant's counsel and is before us. The articles referred to as attached to the premises are such things as furnaces, boilers and oil burners. There is, in addition, an extended enumeration of other articles which may or may not be regarded as attached to the premises. It is conceivable that there may be a dispute, for this court to resolve upon the trial, as to which of these articles, if they were in the buildings at the date of the appropriation, passed with the title to the real property and which were removable personal property. Of course, the responsible officers of the State of New York ought to know specifically the items of property, real and personal, of which they have dispossessed this claimant. However, in our opinion, it would not impose too great a burden upon the claimant to require it to clarify, before trial, its position on what may be a controversial issue. (*King* v. *Craddock,* 252 App. Div. 719.) It seems apparent that if opposing appraisers consider the identical articles as enhancing the value of the real property, although there may be wide disagreement between them as to the extent of the enhancement, the time of the court will be saved and the trial will be expedited. To the extent, therefore, that the Attorney-General demands that claimant detail, describe, identify and locate improvements appropriated, other than buildings, and list which contents it contends are personal property and which are part of the realty, we believe that claimant should comply. This will limit and define the issues. (*American Condiments Co.* v. *Audit Co. of N. Y.,* 164 App. Div. 927.) But claimant need not state the value placed upon each item.

As to paragraphs 1 and 2 of the Attorney-General's demand, we believe that the apportionment of values as between land and buildings is a matter of opinion evidence which will develop upon the trial, the details of which claimant need not disclose to defendant before trial. (*Dwyer* v. *Slattery,* 118 App. Div. 345.)

As to paragraph 3, the name, location and identification of each building affected by the appropriation ought to be known to the appropriating agent. In respect to its value or the conse-

quential damage to it, again the subject is a matter for opinion evidence.

Paragraphs 1, 2 and 3 of the demand for a bill of particulars are vacated and set aside. Paragraphs 4, 5 and 6 are modified as indicated. Enter order accordingly.