Richard S. Heller, J.
This is a motion seeking an order requiring the claimant to answer certain questions and to produce certain records, documents, books and papers.
The claim arises from appropriation by the State of Hew York pursuant to title 1 of article 5 of the Public Authorities Law, the property having been appropriated for the use of the *494 Power Authority of the State of New York in connection with the St. Lawrence River Seaway. The claim was placed on the calendar for trial at a Special Term of this court held on May 13, 1957. On April 10, 1957 the claimant was served with a notice of an examination “ as to any facts relative to the justice of his claim and as to any facts relative to the title to the property appropriated ” to be held on April 17, 1957 and the notice further demanded that the claimant produce at such examination “ all deeds, books, records, documents and papers relating to the title of such property or relating to the value, use or operation thereof, including receipts and expenditures in connection therewith ”.
The claimant appeared at the appointed time and place for the examination and was sworn by Edward D. Siemer, special assistant attorney-general and was examined at considerable length. In the course of the examination he was asked questions relating to treatment on his tax return of certain expenditures in connection with the property, appraisal of the property, the amount of damages claimed, whether or not he ever purchased a farm at a specified price per acre, sales by him of any property in St. Lawrence County over the prior seven years, the amount of any appraisal made of the property, use of the appraisal in arriving at the amount of the claim, whether or not any appraisal was ever filed with any institution, individual, corporation or governmental agency, whether or not claimant had knowledge of any appreciable change in the value of property in St. Lawrence County from 1945 to 1954, purchases and sales of farm properties in the town of Massena by the claimant in the prior seven years and profits derived from the operation of a business of dealing in used equipment and cattle on this property. On advice of counsel claimant refused to answer all such questions.
On April 29, 1957 the State made this motion returnable on May 8, 1957. The argument was heard before Honorable Charles T. Major, one of the Judges of this court. By stipulation of the parties, determination of the. motion was referred to Honorable Richard S. Heller, the Judge of this court designated to preside at the trial of this claim. The case was called for trial at the designated Special Term on May 13, 1957, but trial was adjourned pending determination of this motion.
In conducting this examination before trial with the subsequent motion which is now before the court, the State asserts that it proceeded in accordance with subdivision 1 of section 17 of the Court of Claims Act and the State seeks approval of its examination of a claimant concerning the general subject matter *495 which claimant refused to answer rather than rulings upon the specific questions involved and also invokes the provisions of article 29 of the Civil Practice Act.
Section 17 of the Court of Claims Act is headed “ Examination before trial ’ ’ and reads in part: “ 1. By the state. The attorney-general * * * may require any person filing a notice of claim for any cause whatever against the state to be sworn before him or one of his deputies or assistants within the county of the claimant’s residence, relating to such claim, and when so sworn, to answer orally as to any facts relative to the justness of such claim.” There then follows a provision that in any claim for the appropriation of property pending or after determination, where the Attorney-General is required by law to examine the title of the claimant prior to the payment of an award, the Attorney-General may examine such claimant relating to such title and may also require such a claimant to file an affidavit stating any material facts relating to such title.
The issue is squarely presented as to the extent of the authority of the Attorney-General to conduct an examination of a claimant prior to trial and the permitted scope of any such examination. Although substantially the same language as that quoted above has governed proceedings in the Court of Claims since the adoption of section 264 of the Code of Civil Procedure by chapter 1 of the Laws of 1915, there has apparently never been any reported decision dealing with the authority of the Attorney-General to conduct such an examination or the extent of such an examination under the statutory provisions.
By its terms, section 17 permits the Attorney-General to examine “ any person filing a notice of claim for any cause whatever ”. The first problem on determination of this motion arises from the designation as to who may be examined. There is no provision in the Court of Claims Act for the “ Filing of a notice of claim.” Provision is made for the filing of claims and notices of an intention to file a claim. The Legislature must have intended to subject to this authority of the Attorney-General either a person filing a claim or a person filing a notice of intention to file a claim.
This authority was first granted to the Attorney-General by section 264 of the Code of Civil Procedure (L. 1915, ch. 1). That section read in part: “ No claim other than for the appropriation of land shall be maintained against the state unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the court of claims and with the attorney-general a written notice of intention to file *496 a claim against the state, stating the time when, and the place where such claim arose and in detail the nature of the same, which notice shall be signed and verified by the claimant before an officer authorized to administer oaths. The attorney-general may require any person filing such a notice of claim for any cause whatever against the state to be sworn before him or one of his deputies designated by him for that purpose within the county of the claimant’s residence, relating to such claim, and when so sworn, to answer orally as to any facts relative to the justness of such claim.”
•The scheme of the statute as set forth in section 264 was clear and unambiguous. The Attorney-General was given authority to examine persons asserting a right to recover from the State wherever that right of recovery was not based upon appropriation of land. The words “ any person filing such a notice of claim ’ ’ referred to a person filing a notice of intention to file a claim which was necessary in order to give the court jurisdiction. The power to examine was not granted where the claim arose from appropriation of property. In so providing the Legislature recognized the fundamental distinction between persons having an absolute constitutional right to compensation for the appropriation of property and persons seeking recovery for alleged wrongs for which there was neither liability nor remedy in the absence of a waiver of immunity by the State.
The scope of the examination permitted did not extend to the Attorney-General a device to assist in preparation for trial. The word “ justness ” was used in the sense of legally just. Thus the statute gave to the Attorney-General a device whereby he could investigate the facts by examination of the claimant under oath as to the existence of a cause of action. The permitted scope of the examination did not include any right to require the production of books, papers or documents.
By chapter 922 of the Laws of 1920, section 264 of the Code of Civil Procedure was repealed and the Court of Claims Act was adopted. Section 15 of that act was headed “ Notice of Claim ” and consisted of exactly the same language as the first sentence quoted above from section 264 of the Code of Civil Procedure with the single change being the addition to the requirements for the notice of intention to file a claim of a statement ‘ ‘ of the items of damage alleged or claimed to have been sustained”. Section 23 of that act was headed “ Examinations by attorney-general as to claims ’ ’ and provided: ‘ ‘ The attorney-general may require any person filing such a notice of claim for any cause whatever against the state to be sworn before him or one of his deputies designated by him for that purpose, within *497 the county of the claimant’s residence, relating to such claim, and when so sworn, to answer orally as to any facts relative to the justness of such claim. Whenever any claim for the appropriation of property is pending or has been determined in the court of claims and the attorney-general is required by law to examine the title of the claimant thereto, prior to the payment of an award, the attorney-general may require such claimant to be sworn before him or one of his deputies designated by him for that purpose within the county of the claimant’s residence, or if the claimant be a corporation within the county where its principal place of business in this state is located, or if the claimant be a nonresident within the county where the property is situated, relating to such title, and when so sworn, to answer orally as to any facts relative to the title of such property. The attorney-general may also require such claimant to file with him an affidavit stating any material facts relating to such title. Wilful false swearing before the attorney-general or deputy attorney-general is perjury and punishable as such.”
Again the statutory pattern was clear and unambiguous. The only examination available in appropriation cases was limited to facts relating to title and that could only be an oral examination of the claimant and could not require the production of books, papers and documents.
By chapter 775 of the Laws of 1936, section 15 of the Court of Claims Act was amended. The heading was changed from “ Notice of Claim ” to “ Time of filing claims and notices of intention to file claims.” As amended, section 15 provided that in order to give the Court of Claims jurisdiction of a claim for appropriation of land, a claim had to be filed within two years of the accrual thereof. For all other claims, it eliminated the requirement for the filing of a notice of intention to file a claim but permitted the use of a notice of intention which would extend the time for the filing of a claim. Section 15-a was added providing for the filing and contents of claims and notices of intention. The required contents of both a claim and notice of intention were exactly the same as under the prior section 15 except that the notice of intention did not have to set forth items of damage or injuries and the sum claimed.
No change was made in section 23.
The conclusion is inescapable that the effect of the amendment of section 15 without change in section 23 was to limit the availability of examination of a claimant by the AttorneyGreneral. Prior to that amendment the words ‘ ‘ notice of claim ’ ’ used in section 23 referred to the notice of intention to file a *498 claim. No action by the Legislature indicated an intention to change that meaning which had existed since 1915. Any such change of meaning on a literal reading of the statute would have extended this right of examination of a claimant to appropriation cases and this was a right which had never before been granted to the Attorney-General.
No such extension of authority may be implied in view of the basic distinction between a claimant in an appropriation case and all other claimants in this court. In an appropriation case there is no question of the existence of the right to recover, i.e., the justness ” of the claim. The sole question presented is the extent of the damage. In all other claims, there is always a question of the existence of a cause of action and only after that question is determined, does any problem of amount of recovery arise.
In an appropriation claim the right of the claimant to just compensation is absolute and the right of eminent domain may not be exercised without reasonable provisions for just compensation. (People ex rel. New York Cent. & Hudson Riv. R. R. Co. v. Priest, 206 N. Y. 274.) In all other cases before this court, the right to recover is entirely dependent upon the waiver of immunity from suit and liability and the Legislature may impose such conditions as it deems proper. No such freedom to impose conditions exists in an appropriation case. (Hilfinger v. State of New York, 208 N. Y. 572.)
By chapter 860 of the Laws of 1939, the Court of Claims Act of 1920 was repealed and the present Court of Claims Act was adopted. Section 15 of the 1920 act as amended in 1936 became section 10 in substantially the same language. The minor changes in no way affected the provisions under consideration here. Section 23 became substantially subdivision 1 of section 17 which was headed “ Examination before trial” with subdivision 1 headed “ By the state ” and subdivision 2 providing for an examination by the claimant. Aside from procedural changes, subdivision 1 of section 17 was the same as section 23 except for the elimination of the word such ” so that section 23 provided for examinaton of any person filing such a notice of claim for any cause whatever ” and subdivision 1 of section 17 provided for examination of any person filing a notice of claim for any cause whatever ”.
Thus the history of these pertinent statutory provisions establishes that the Legislature has never indicated an intention to extend any right to an examination by the Attorney-General to an appropriation claim except on the question of title as specifically provided. The deliberate use of the words *499 “notice of claim” in subdivision 1 of section 17 after those words had clearly referred to a notice of intention to file a claim from the time of adoption in 1915, can only indicate an intent to continue the same meaning.
The procedure followed in this case finds no validity in section 17 of the Court of Claims Act. Even if a legitimate question existed as to the availability of an examination of a claimant in an appropriation case thereunder, the scope of the examination sought here goes far beyond any reasonable reading of the statute. Nowhere in subdivision 1 of section 17 is there any authority for demanding the production of books, records and documents. All that is permitted is an examination in the nature of an investigation into the question of the existence of a cause of action. (See Davison on Claims Against the State of New York, p. 283.)
In making its demand for an examination, the State specified section 17 of the Court of Claims Act as the statutory authority upon which it relied but followed a kind of hybrid procedure in that it specified examination before an assistant attorney-general as provided in section 17 of the Court of Claims Act but also demanded the production of books, papers and documents which patently was beyond its authority under that statutory provision but was proper under section 296 of the Civil Practice Act. On its argument of this motion, the State urged that the subject matter of examination was proper on the ground that section 17 provides for broader powers of examination than does article 29 of the Civil Practice Act upon which it could also have relied and specifically the State relied upon section 296 of the Civil Practice Act in justification of its demand that the claimant produce copies of his Federal tax returns.
There apparently has never been any reported decision as to whether or not the provisions of article 29 of the Civil Practice Act are available to the State in actions in the Court of Claims. Subdivision 9 of section 9 of the Court of Claims Act provides that practice in this court shall be the same as in the Supreme Court except as otherwise provided by the Court of Claims Act or by the rules of this court or by the Civil Practice Act, and substantially the same provision has governed this court since the adoption of section 265 of the Code of Civil Procedure by chapter 1 of the Laws of 1915.
There is nothing in the Court of Claims Act, the rules of this court or the Civil Practice Act denying to the State the procedure provided for in article 29 of the Civil Practice Act. Decisions prior to the adoption of subdivision 2 of section 17 *500 holding that a claimant could not examine the State have no applicability since those decisions were based upon the fact that article 29 did not permit the examination of the State or a municipal corporation. The clear implication of those decisions (see Langdon v. State of New York, 160 Misc. 946) is that the provisions of article 29 were available under the Court of Claims Act but were made inapplicable because article 29 did not encompass examination of the State or a municipal corporation. There was no such restriction on the right of the State to utilize the provisions of article 29 of the Civil Practice Act.
Since subdivision 1 of section 17 of the Court of Claims Act does not cover the same type of examination for the same purpose as is provided for in article 29 of the Civil Practice Act, it cannot be read as a denial of the availability of article 29 to the State. But the availability of article 29 is of no assistance to the State’s position on this motion or on this entire procedure.
This court finds that not only did the procedure followed by the State transcend the limits of section 17 of the Court of Claims Act but that it also transcended the limits of article 29 of the Civil Practice Act.
In the first place, the State did not follow the procedure specified in article 29 and the procedure followed violated the provisions of that article. It follows that this demand and motion may not be sustained under the article.
Furthermore, even if the proper procedure had been followed for an examination under article 29, this court is of the opinion that the subjects for examination presented in this motion go far beyond the permissible limits of such an examination. Even the State recognizes this since it urges that it utilized section 17 of the Court of Claims Act because that section does not limit the examination to that which is material and necessary to the prosecution or defense as is true of article 29.
The sole issue presented by this claim is the fair market value of the property appropriated. The condemnor designated the property which was open and visible and the time of appropriation. It has an absolute obligation to pay fair and just compensation. There was and is no need or legal justification for this elaborate examination into matters which appear to involve opinions and irrelevancies. (See Genco v. State of New York, 178 Misc. 444; Price Fireplace Heater & Tank Corp. v. State of New York, 205 Misc. 168.)
The motion is denied in all respects. Submit order.