Richard S. Heller, J.
The motions under consideration arise from a claim for the appropriation by the State under the Public Authorities Law which claim was filed on October 18, 1956.
It appears from the moving papers that the attorney for the State advised claimant’s attorney that the State desired to examine the claimant but the attorneys arrived at no agreement concerning such an examination. Thereupon on April 13, 1957, the attorney for the State served on the attorneys for the claimant a notice reciting that “ pursuant to the provisions of Section 17 of the Court of Claims Act ” the claimant would be examined before the attorney for the State at the offices of a law firm in Utica, New York on April 19, 1957 at 10:00 a.m. and continuing from day to day and further requiring the claimant “ to produce at such examination all deeds, books, records, documents and papers relating to the title of such property or relating to the value, use or operation thereof, including receipts and expenditures in connection therewith.”
On April 18, 1957, the attorneys for the claimant served by mail a notice of motion returnable at Lowville, New York on May 4, 1957, to modify the demand for examination by designating the claimant’s residence at Rome, New York, as the place for the examination, designating the time and date and provid *826 ing that the examination be limited to not more than one hour per day and striking out the requirement for production of deeds, books, records and documents relating to the value, use or operation of claimant’s property and for such other relief as the court deems just and proper.
On April 19, 1957, the claimant did not appear as required by the notice for examination but an associate of claimant’s attorneys did appear and delivered to the attorney for the State a copy of the notice of motion which had been served by mail on April 18, 1957. Thereupon the attorney for the State served a notice of motion returnable on May 8, 1957 in Syracuse, New York, for an order striking out the claim or in the alternative, requiring the claimant to appear and be examined at a time and place designated by the court and requiring her to pay the costs and disbursements of the State in connection with her failure to appear on April 19, 1957 and on this motion.
The motion returnable on May 4, 1957, before Judge Fred A. Young of this court was referred to Judge Charles T. Major before whom the motion was returnable on May 8, 1957, so that both motions could be heard together. The claim had been put down for trial at a Special Term commencing on May 13, 1957, Judge Richard S. Heller presiding. The motions were argued on May 8, 1957 and by stipulation of the parties, were referred to the Judge designated to preside at the trial of the claim, for determination.
At the argument, in view of the concession by the attorney for the claimant that except as to production of papers relating to value, and consideration for his client’s health, the State was entitled to such an examination, the court sought to cut through the apparent animosity and acrimony of the attorneys for the parties to a mutually agreeable arrangement. This effort failed to result in any workable solution. We are therefore faced with the decision of these cross motions.
The State seeks to enforce its demand and the claimant seeks to modify that demand. This court finds that both motions must be denied.
Both motions depend upon the notice for an examination of the claimant before trial. That notice has no validity and was and is a nullity. This court has reviewed the legislative history of subdivision 1 of section 17 of the Court of Claims Act in its decision on a motion in Fitzgerald v. State of New York (6 Misc 2d 492) which was argued on the same date as this motion. The examination provided for in subdivision 1 of section 17 of the Court of Claims Act is available only where a notice of *827 intention to file a claim has been filed. In this case no notice of intention to file a claim was filed but there was simply a claim filed in accordance with the provisions of subdivision 1 of section 10 of the Court of Claims Act.
Subdivision 1 of section 17 cannot be read in conjunction with or as a part of article 29 of the Civil Practice Act. The purpose to be accomplished by the two provisions was and is entirely different. Subdivision 1 of section 17 provides for an investigation as to the existence of a cause of action. It is not and was never intended to serve as a vehicle for preparation for trial by the State and it cannot be so utilized. The examination so provided for has never been necessary or available in appropriation claims.
On the other hand, ever since practice in the Court of Claims became the same as practice in the Supreme Court except where specifically provided otherwise (see Court of Claims Act, § 9, subd. 9), the examination before trial provided for in article 29 of the Civil Practice Act and its antecedent provisions has always been available to the State. The inclusion of remedial legislation as subdivision 2 of section 17 of the Court of Claims Act did not in any way change the nature or affect the scope of subdivision 1 thereof. The adoption of subdivision 2 of section 17 merely extended to a claimant substantially the same facility for preparation for trial which existed for the State. Subdivision 1 continued to extend to the State the privilege of conducting an investigation, by examination of the claimant, of the validity of an alleged cause of action. Such an investigation is manifestly unnecessary where the right to recover arises absolutely and unconditionally upon the exercise by the sovereign of one of its inherent powers. It is doubtful that any such broad power of inquisition, unlimited in terms of materiality and necessity, as is contended here by the State, could be granted by the Legislature in appropriation cases where the sovereign by its act in derogation of individual rights, assumes an absolute obligation to make just compensation.
Under certain circumstances, examination before trial pursuant to the provisions of article 29 of the Civil Practice Act, may be proper and most helpful to the court in determination of the issue of fair market value common to all appropriation cases. (See Matter of City of New York [Union Turnpike], 154 Misc. 455, aftd. 243 App. Div. 811, affd. 268 N. Y. 681.) That however, was not the procedure followed in this case.
The notice of examination here was beyond the power or authority granted to the Attorney-General by subdivision 1 of section 17 of the Court of Claims Act. Under that statute, it *828 is without legal effect and this court is without jurisdiction to provide for its modification or enforcement. It is likewise without legal effect under article 29 of the Civil Practice Act as to both the oral examination and the production of papers and records since it is not in compliance with that article. This court is therefore without jurisdiction to provide for its modification or enforcement under article 29 of the Civil Practice Act.
So far as the notice for examination relates solely to an oral examination of the claimant as to title to the property appropriated, it is proper under subdivision 1 of section 17 of the Court of Claims Act. Under the circumstances presented here however, this court will not take any action concerning such a limited examination but denies both motions without prejudice to the State’s right to seek an examination within proper limits in accordance with statutory provisions.
Submit orders.