also allowed to the city of New York an additional setoff, to the amount of the balance of the said sum of $1,250 allowed to the owners for disbursements and witnesses' fees. The order also allowed the attorneys for the owners a lien on the moneys deposited as aforesaid to the extent of $1,102.85, being five per cent on said award, allowed by the decree as a counsel fee. Order modified by limiting the claim and setoff of the city of New York to the said sum of $325.60, pursuant to the stipulation of the parties, and as so modified, affirmed, with ten dollars costs and disbursements to the owners and said mortgagees against the city of New York. In our opinion, the city of New York is not entitled to an offset for more than the sum of $325.60, fixed by the stipulation of June 1, 1932. Hagarty, Carswell, Scudder, Tompkins and Davis, JJ., concur.

In the Matter of, the Application of The City of New York, Respondent, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Union Turnpike, from Austin Street to Queens Boulevard; Grand Central Parkway, from Queens Boulevard to the Easterly City Line, Excepting the Lands of the Brooklyn State Hospital (Creedmoor Division), and the Lands Acquired for Alley Park, and Other Streets, in the Borough of Queens, City of New York. Glen Oaks Holding Co., Inc., Appellant.— Order in a condemnation proceeding, denying claimant appellant's motion to vacate notices of examination before trial, served by the corporation counsel of the city of New York, affirmed, with ten dollars costs and disbursements. The examinations are to proceed on five days' notice at the times and places stated in the notices of examination. Leave will be granted to the appellant to appeal to the Court of Appeals on question to be certified on two days' notice. Stay granted until determination by the Court of Appeals. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur. Settle order on notice. [154 Misc. 455.]

In the Matter of the Application of Morton L. Cummings, Appellant, for an Order of Mandamus against Raymond V. Ingersoll, as President of the Borough of Brooklyn of the City of New York, Respondent.— Order denying petitioner's motion for a mandamus order reversed on the law, with costs, and petitioner's motion granted, in the exercise of discretion, to the extent of allowing an alternative mandamus order for a trial of the questions of fact presented by the twenty-first and twenty-third paragraphs of the petition and the denials of the allegations thereof by the respondent, and also as to the allegations of the petition and the denials of the answer of the respondent in respect thereto, as to the character of the work performed and the salaries received by the petitioner and the engineer assistants described in the twenty-first paragraph of the petition. The petitioner is entitled to a determination of these issues. Lazansky, P. J., Tompkins and Davis, JJ., concur; Hagarty and Johnston, JJ., dissent and vote to affirm.