ALGONQUIN GAS TRANSMISSION COMPANY, Plaintiff, *v.* FRANCES L. SCHWARTZ et al., Defendants.

Supreme Court, Special Term, Westchester County, May 26, 1954.

*James A. Delehanty* for defendants.

*David Moses* for plaintiff.

EAGER, J. In this condemnation proceeding, we have here a motion by the defendant owners to examine the petitioning gas transmission company as an adverse party before trial. The petitioner-plaintiff contends firstly that pretrial examinations are not authorized nor properly to be allowed in condemnation proceedings. The court disagrees. It is settled

that a condemnation proceeding is a special proceeding within the meaning of that term as generally used in the Civil Practice Act. (See *King* v. *City of New York,* 36 N. Y. 182, and *Matter of Broadway & Seventh Ave. R. R. Co.,* 69 Hun 275.) And, we find in article 29 of the Civil Practice Act, entitled '' Testimony by Deposition '' and providing for pretrial examinations of parties and witnesses, the provision that, '' Testimony may be taken by deposition, under this article, in a special proceeding, or for use in such a proceeding about to be brought, as though the proceeding were an action.'' (Civ. Prac. Act, § 308.) Then too, there is the provision in the Condemnation Law (§ 26) that, '' In all proceedings under this chapter, where the mode or manner of conducting all or any of the proceedings therein is not expressly provided for by law, the court before whom such proceedings may be pending, shall have the power to make all necessary orders and give necessary directions to carry into effect the object and intent of this chapter, and of the several acts conferring authority to condemn lands for public use, and the practice in such cases shall conform, as near as may be, to the ordinary practice in such court.''

By virtue of the foregoing enactments, it is clear that the court has the power to and should in a proper case direct the taking of a pretrial examination of an adverse party in a condemnation proceeding. (Cf. *Matter of City of New York* [*Union Turnpike*], 154 Misc. 455, affd. 243 App. Div. 811, affd. 268 N. Y. 681, and *Matter of City of New York* [*Cross-Bronx Expressway*], 195 Misc. 842.) Where there are bona fide issues raised in such a proceeding having a bearing upon the right or necessity of condemnation, the holding of pretrial examinations therein is entirely consistent with the object and intent of the Condemnation Law.

In the proceeding here before the court, by answer duly interposed, there is raised an issue as to the necessity for the condemnation of an easement in a strip of land of the width and area proposed by plaintiff to be taken for a gas pipe-line easement, the defendants claiming that the proposed taking is excessive and unreasonable. Bearing in mind that the trend is toward the liberal use of pretrial examination procedure as an aid to the disposition of litigation (see *City of Buffalo* v. *Hanna Furnace Corp.,* 305 N. Y. 369, 377) and, under all the circumstances here present, it seems to the court that an examination of the plaintiff may properly be directed as to items bearing upon such issue. Perhaps the co-operation of the

plaintiff in this connection will expedite the disposition of this particular litigation.

Examination is directed as to items " 2 " and " 3 " set forth in the notice of motion, with all relevant papers and records to be produced for use pursuant to section 296 of the Civil Practice Act. An examination is disallowed as to item " 1 ", because the subject matter thereof, to the extent material and necessary, is embraced within item " 2 ". The examination is disallowed as to items " 4 " to " 17 " inclusive because the subject matter thereof is not pertinent to the issues now before the court. Such items relate to questions of value and damages, and testimony upon such questions at this time (prior to judgment of condemnation) is not material, relevant or necessary.

The court notes the averments of the affidavit of the attorney for the plaintiff that there is no one now in its employ having knowledge of the facts upon which the examination is sought. The said attorney states that he "has been informed by the officials of the plaintiff that there has been radical changes in personnel and officers " of the plaintiff; that the persons having knowledge are no longer under the control of the plaintiff. This seems rather inadequate and evasive. The defendants are not to be concluded by such a statement by an attorney having no personal knowledge. They are entitled to have the facts from the plaintiff's officers and employees and are not required to accept this statement from plaintiff's attorney. The plaintiff shall produce officers and employees with respect to the matters involved. If the plaintiff has no one now in its employ having personal knowledge of the facts or any portions thereof, it shall so state on the examination and furnish the names and addresses of all former employees having such knowledge so that the defendants may move to examine them. (See *Gutley* v. *Huron Stevedoring Co.,* 274 App. Div. 1061.)

Submit order on notice.