JUSTIN W. FELLERS and GEORGIA FELLERS, his wife, *Appellants*, v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellee*.

No. 47,180

HEBER JOHANSEN and PAULINE V. JOHANSEN, his wife, *Appellants*, v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellee*.

No. 47,196

FRANCIS ALVIN THOMPSON and WANDA LOIS THOMPSON, his wife, *Appellants*, v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellee*.

(522 P. 2d 341)

Opinion filed May 11, 1974.

*Stephen Jones*, of Coffman, Jones & Hederstedt, of Lyndon, argued the cause, and *Harry T. Coffman* and *David Hederstedt*, of the same firm, were with him on the briefs for appellants-Fellers, Johansen and Thompson.

*Jerold E. Berger*, of Topeka, argued the cause, and *Clyde M. Burns*, of Burns & Burns, of Lyndon, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This appeal is from an order of the district court overruling a motion by the landowners to allow as court costs an amount to be paid to their attorney as attorney fees in an eminent domain proceeding. Two other appeals from the same district court present the identical legal question. The three appeals were ordered consolidated for hearing upon the written stipulation of the parties that our decision in Justin W. Fellers and Georgia Fellers, his wife, versus The State Highway Commission of Kansas, No. 47,093 will be binding upon and control the court's decision in Heber Johansen and Pauline V. Johansen, his wife, versus The State Highway Commission of Kansas, No. 47,180, and Francis Alvin Thompson and Wanda Lois Thompson, his wife, versus The State Highway Commission of Kansas, No. 47,196.

On a date not disclosed by the record, the State Highway Commission instituted eminent domain proceedings in the district court of Osage County to acquire certain farm land of the appellants for highway purposes. (K. S. A. 26-501.) Appraisers were duly appointed to determine and report any damage to the appellants' land occasioned by the taking. On March 15, 1971, the appraisers filed their report and awarded damages to the appellants in the amount of $27,669.25 by reason of the taking. Thereafter, the State Highway Commission appealed the award to the district court. (K. S. A. 26-508.)

The appeal was tried to a jury which, on November 21, 1972, returned a special verdict finding the appellants were damaged in the amount of $30,000, an increase of $2,330.75 over the award of the court-appointed appraisers. On December 15, 1972, the appellants-Fellers moved the court for an order allowing attorney fees pursuant to K. S. A. 1972 Supp. 26-509 (now K. S. A. 26-509). As indicated, the district court overruled the motion, finding the statute inapplicable to appeals pending prior to its effective date. This appeal followed.

K. S. A. 26-509 authorizes the allowance of attorney fees as costs when the condemner appeals the award of the court-appointed appraisers, and upon appeal a jury finds for the condemnee in an amount greater than the appraisers' award. The statute became effective on July 1, 1972. The State Highway Commission's appeal was perfected in May, 1972, almost two months prior to the statute's effective date. The case was tried and the verdict rendered in November, 1972, over four months after the effective date of the statute.

The instant case is controlled by our decision in *City of Wichita v. Chapman*, 214 Kan. 575, 521 P. 2d 589. There, the condemner, the City of Wichita, appealed the appraisers' award two months prior to the effective date of K. S. A. 26-509. A verdict was returned on December 20, 1972, in which the jury determined the damages resulting from the taking were greater than those awarded by the appraisers. The district court allowed the condemnees attorney fees as costs. The city perfected an appeal to this court contending, among other things, the allowance of attorney fees was an unlawful retrospective application of K. S. A. 26-509. Finding the contention without merit, we held:

"In an eminent domain proceeding where the condemner appeals the award of the court appointed appraisers, and the jury renders a verdict for the land-owners in an amount greater than the appraisers' award, the provision of K. S. A. 26-509 giving the trial court discretionary power to allow as court costs an amount to be paid to the landowner's attorney as attorney fees, is remedial and may be applied to actions pending at the time the statute became effective on July 1, 1972." (Syl. ¶ 5.)

The district court erred in finding the statute inapplicable. The case is reversed and remanded, with direction that the district court determine whether, in the exercise of its discretionary power as authorized by K. S. A. 26-509, it will allow as court costs an amount to be paid to the appellants' attorney as attorney fees.

It is so ordered.