In the Matter of the NEW YORK CITY TRANSIT AUTHORITY, Appellant, on Behalf of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property for the GUN HILL BUS DEPOT, in the Borough of the Bronx.

Supreme Court, Bronx County, January 30, 1989

### APPEARANCES OF COUNSEL

*Michael J. Greco, P. C. (Michael J. Greco* of counsel), for condemnee. *Peter L. Zimroth, Corporation Counsel (Jerome Gilman* of counsel), for condemnor.

### OPINION OF THE COURT

HERBERT SHAPIRO, J.

In this condemnation proceeding the claimants seek an order granting them an additional allowance for actual and necessary costs, disbursements and expenses, including reason-

able attorney and appraiser fees actually incurred by said claimants pursuant to EDPL 701, as amended by Laws of 1987 (ch 771).

Claimants were the owners of certain real estate sought by the New York Transit Authority for the Gun Hill Bus Depot. This real estate, identified as a number of damage parcels, comprised 626,417 square feet and were acquired by the New York City Transit Authority for transit purposes on October 21, 1983. In accordance with the EDPL, the city made an offer for the property to the claimants in the total amount of $1,697,780. This offer was rejected by the claimants and they proceeded to trial. The trial was conducted in November and December 1986. After the trial and submission of posttrial memoranda, a tentative award was issued. Claimants filed a notice of objections to the award. After the hearing on objections the court increased the award by reason of the fact that the court failed to make awards for two damage parcels. As indicated, claimants now make this application for an additional allowance under EDPL 701 as amended. The section entitled "Additional allowance" provides as follows: "In instances where the order or award is substantially in excess of the amount of the condemnor's proof and where deemed necessary by the court for the condemnee to achieve just and adequate compensation, the court, upon application, notice and an opportunity for hearing, may in its discretion, award to the condemnee an additional amount, separately computed and stated, for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees actually incurred by such condemnee. The application shall include affidavits of the condemnee and all [other] parties that have incurred expenses on the condemnee's behalf, setting forth inter alia the amount of the expenses incurred."

The 1987 amendment to EDPL 701 took effect on August 7, 1987 (L 1987, ch 771, § 1). The amendment deleted the requirement that an award be at least 200% of the condemnor's proof to permit recovery and deleted a provision limiting the amount allowed for expert services to $10,000. The amendment was to "take effect immediately."

Claimants contend the amendment is remedial in nature in that the amendment is a change of an existing remedy and not the creation of a new remedy. Moreover, claimants contend that the amendment was intended to correct an inequity by making it easier for a property owner to collect an addi-

tional allowance and to increase the nature and amount of expenses he can recover.

Further, claimants contend that the amendment is applicable to the instant case since no decision had yet been rendered at the time the amendment became effective.

The City of New York opposes the additional allowance application on the grounds that EDPL 701, as amended, is inapplicable to this proceeding. The city contends that title vested in the city in 1983; the offers to claimant were made the same year; the advance payments were made in 1984; and the trial was concluded in December 1986, all prior to the effective date of the amendment.

The city also urges that the rules governing the construction of statutes require that they be deemed prospective in application unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive application. The city maintains that the amendment to EDPL 701, not being remedial in nature, cannot be applied retroactively. It is contended that when the Legislature amended EDPL 701 it, in effect, created a new right, i.e., to recover attorney fees and the cost of appraisal reports in a condemnation proceeding. Consequently, it is urged that since the amendment created a new right of recovery it cannot be deemed remedial in nature and therefore cannot be applied retroactively.

Further, the city maintains that even if the amendment were applicable to this case, there is no basis for an award of costs or disbursements to be made. The city points out that the award of $2,476,500 is only 33% above the city's appraisal totals of $1,860,590. It is argued that the Legislature did not intend to so reduce the threshold for recovery of the expenses in question as to permit an allowance when the award is only 33% above the condemnor's figures. The city argues that this is so in light of the fact that the preamendment statute required an award in excess of 200% of the condemnor's proof. Also, the city contends that even assuming, arguendo, that an additional allowance is found to be appropriate, many of the expenses claimed are not related to claimant's proof of value and therefore are not compensable under any view of EDPL 701.

In a somewhat similar situation, a Justice in Queens County had occasion to rule upon the applicability of the amendment to a condemnation proceeding pending before him. *(Matter of*

*New York City Tr. Auth.*, NYLJ, May 18, 1988, at 16, col 1.) He determined that the amendment was not remedial in nature, had no retroactive effect and therefore was inapplicable to his proceeding. He made that determination based upon his conclusion that the amendment created a new right of recovery—i.e., for counsel fees and appraisal expenses—not present in the statute prior to amendment.

In connection with that decision and its impact upon this case it should be noted that there are factual differences between the two. In the Queens County case, all intermediate matters had been concluded and the hearings on the objections had been conducted prior to the effective date of the amendment. In the instant case no posttrial decision had been rendered and, necessarily, no hearings on objections had been held prior to the effective date of the amendment.

Do these differences, in of themselves, justify a holding in this case contrary to that made in the other case? The court concludes that they do not. In this court's view the amendment either applies to pending proceedings, no matter at what stage, or only to proceedings instituted subsequent to the effective date of the amendment.

However, the court does not agree with the conclusion that the amendment creates a new remedy. Rather it is concluded that the amendment is remedial in nature and should be applicable to this proceeding.

Prior to the amendment the statute did permit some expenses incurred by the condemnee in the condemnation proceeding to be recovered under certain circumstances. If the ultimate award were at least 200% of the amount of the condemnor's proof, the condemnee could recover extraordinary expenses for certain expert witnesses' fees not to exceed the amount of $10,000. Thus prior to the amendment and the institution of the instant proceeding the Legislature had recognized and authorized a condemnee to recoup certain expenses incurred in the condemnation proceeding. All that the amendment does is to enlarge that existing right of the condemnee to recoup certain of the costs incurred. Such expansion does not create a new right but merely expands an existing right. The right to recoup certain expenses was recognized by the Legislature in its enactment of EDPL 701 prior to the amendment in question. The amendment merely added to the expenses which were already recoverable under the original statute.

While there appears to be no decisions in our State relative

to the question here presented other than that rendered in Queens County, there are out-of-State appellate decisions which have dealt with similar situations. In *City of Witchita v Chapman* (214 Kan 575, 521 P2d 589) the Supreme Court of Kansas held that costs could be awarded to a condemnee based upon a statutory amendment which became effective during the pendency of the condemnation proceeding. In so doing the court found the amendment to be applicable to the pending proceeding albeit there had been no prior statutory provision for the reimbursement of any costs to a condemnee —unlike the situation in the instant matter. *(See also, Fellers v State Highway Commn.,* 214 Kan 630, 522 P2d 341.)

Additionally, in reading the amendment, it appears that the Legislature intended to remedy an unfair situation where a property owner reasonably challenges a condemnor's offer of compensation for property acquired through eminent domain and thereby is compelled to incur attorney's fees and other litigation expenses. It is also noteworthy that the amendment had an immediate effective date indicating an intent to make it applicable to any pending proceeding.

The fact that the instant proceeding was commenced back in 1983 does not negate the application of the amendment. Though, as indicated, amendments to statute are generally construed prospectively *(see, Matter of Deutsch v Catherwood,* 31 NY2d 487; *O'Connor v Long Is. R. R.,* 63 AD2d 1015), an amendment that takes effect immediately may nonetheless apply to a pending action. Nor does the amendment in any way indicate that it applied only to causes of action arising on August 7, 1987 and thereafter *(see, Matter of City of New York [Union Turnpike],* 154 Misc 455, *affd* 243 App Div 811, *affd* 268 NY 681).

Further proof that the amendment was remedial in nature and designed to correct an injustice is to be found in the Governor's memorandum made when he approved the bill. He stated:

"At present, a property owner cannot recover attorney's fees and other litigation expenses resulting from a challenge to a condemnor's offer of just compensation for property acquired through eminent domain. Current law provides only for the recovery of extraordinary expert witness fees of up to $10,000, in the court's discretion, where the award is at least 200% of the condemnor's proof and it appears to the court that a condemnee has borne extraordinary expenses for such

fees. As a result of these strict limits on recoverable costs, a condemnee may decide that it is necessary to accept a condemnor's offer even if he or she believes that it does not constitute just compensation.

"This measure, which originated from a proposal of the Law Revision Commission, will enable a court to award litigation expenses to a condemnee in appropriate cases to assure that a condemnee receives a fair recovery. While concerns have been expressed that the bill will increase litigation and escalate the cost of acquiring land through eminent domain, I believe that the bill contains sufficient standards to protect against abuse." (1987 McKinney's Session Laws of NY, at A-1076.)

Having concluded that the provisions of the amendment are applicable to this case it must next be determined whether the court's discretion to award such expenses should be exercised in this case. Before an additional allowance may be made under the amended statute it must be found that the award "is substantially in excess of the amount of the condemnor's proof". Does the award made in this case meet that test? The court concludes that it does.

An award was made by the court which was approximately 36% in excess of the condemnor's proof of value at trial. The dollar amount of such excess was approximately $656,000. To be determined is whether such excess is "substantial" within the contemplation of the amendment.

The dictionary defines substantial, *inter alia,* as "of ample or considerable amount" and "of real worth, value or effect." Additionally, it sets forth the antonym of "substantial" as being "immaterial".

It is the court's view that both from the view of a percentage and a dollar amount both 36% and $656,000 are "substantial". It would appear from the Governor's memorandum of approval of the amendment that he would agree. He stated that recovery of the additional out-of-pocket expenses should be limited to where the condemnee "has proven more than a modest increase in value" (1987 McKinney's Session Laws of NY, at A-1076). It need not be belabored that the amount here involved at is not a "modest" increase over the proof of value of the condemnor.

Having concluded that the "substantial" test has been met, it must next be determined whether, in the circumstances here present, such additional award is necessary "for the condemnee to achieve just and adequate compensation"

(EDPL 701). The court concludes that such additional award is so necessary. In fixing the values of the property here involved the court was not overgenerous and took a rather conservative view of such values. Nor did it incorporate into the values found any amounts directly or indirectly reflecting expenses necessarily incurred by the condemnee.

The last determination to be made is the additional amount to be awarded to the condemnee for reasonable attorney and appraiser fees. In this connection the affidavit of the attorney sets forth some items which ought not to be chargeable against the city. Some of these services would have had to be rendered irrespective of whether or not the city's offer was accepted and other items, i.e., the services rendered with respect to the leasehold question involving the claimant, Batter-up, did not concern the controversy between the city and the Donner estate. Additionally, it is noted that the attorney for the condemnee does not specify the number of hours devoted to the items appropriate for reimbursement but rather recites the fee arrangement made with the condemnee. The court concludes that such arrangement cannot serve as a basis for a determination of what is a "reasonable" fee as required by the statute. The court must be given some guidance with respect to the hours spent by the attorney and/or his associates and the value of the services rendered by each person in connection with the representation of the condemnee. Similarly, the same is required as to the services of the appraiser so that a proper determination of a reasonable fee for his services may be made.

Pending such additional submission a final determination of this motion is held in abeyance.