OPINION OF THE COURT
John G. Connor, J.
By notice of motion respondents/plaintiffs seek an order pursuant to EDPL 701 granting to them as condemnees an additional allowance for extraordinary expenses incurred for expert witnesses and legal counsel.
*194 EDPL 701 as amended in 1982 reads as follows:
"701. Additional allowance
"In instances where the order or award is at least two hundred percent of the amount of the condemnor’s proof and where it shall appear to the court that a condemnee has borne extraordinary expenses for expert witnesses fees beyond the expense for the preparation of an expert witness’ appraisal report for real property and/or fixtures, the court, upon application, notice and an opportunity for hearing, may in its discretion, grant to the condemnee an additional allowance as reimbursement for such reasonable cost of such expert services up to ten percent of the difference between the amount of the order, award or judgment and the condemnor’s proof, not to exceed in any event, ten thousand dollars. The application shall include affidavits of the condemnee and expert, setting forth inter alia the amount of the expenses incurred.”
Section 701 was amended effective August 7, 1987 to read as follows:
"§ 701. Additional allowance
"In instances where the order or award is substantially in excess of the amount of the condemnor’s proof and where deemed necessary by the court for the condemnee to achieve just and adequate compensation, the court, upon application, notice and an opportunity for hearing, may in its discretion, award to the condemnee an additional amount, separately computed and stated, for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees actually incurred by such condemnee. The application shall include affidavits of the condemnee and all parties that have incurred expenses on the condemnee’s behalf, setting forth inter alia the amount of the expenses incurred.”
The award in the case followed the change in the statute on August 7, 1987 but said change occurred during the actual trial of the action.
As part of his opposition to respondents’ instant motion, petitioner’s attorney claims in his November 21, 1988 affidavit that "the $10,000.00 overall limitation of § 701 of the Eminent Domain Procedure Law in effect at the time of the condemnation, April 19, 1985 controls inasmuch as the amendment (Laws of 1987, eff. August 7, 1987) did not provide for any retroactive effect.” Respondents’ counsel counters in his reply affidavit of November 23, 1988 that "[since the statute was in *195 effect on the date of the award in this case and there is also no indication that the statute should not be applied where the taking occurred prior to the statutes effective date, it would be logical to conclude that the legislative intent was that orders or awards occurring after the effective date of the legislation would be controlled thereby.”
At 56 NY Jurisprudence, Statutes, §269 the following is stated in pertinent part:
"§ 269. Remedial and procedural statutes.
"Remedial and procedural statutes are exceptions to the general rule against the retroactive operation of a statute in the absence of a clear expression of legislative intent to the contrary, and are generally interpreted as retroactive, at least where vested rights are not involved. In the absence of language indicating a contrary intent, a remedial or procedural statute will ordinarily be applied to past transactions, accrued actions, pending actions, and future actions or transactions, and be given retrospective effect insofar as the statute provides a change in the form of a remedy or provides a new remedy for an existing wrong. Changes in the form of remedies constitute an exception to the general rule favoring prospective operation of statutes, but such exception does not reach a case where before the statute there was no remedy whatever.”
The allowance authorized by EDPL 701 permits the condemnee-owner to be reimbursed for expenses incurred in establishing value and to receive "full indemnity” for his property (see, Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp., 86 AD2d 767; Matter of Dodge v Tierney, 40 AD2d 936).
Accordingly, the court grants respondents/plaintiffs’ motion by granting an additional allowance pursuant to EDPL 701 (as amended by L 1982, ch 356, §21, L 1987, ch 771, §1) of $34,684.79. This award covers the following payments:
Provider of Services Field of Expertise Fee
Eustance and Horowitz Engineers $ 2,332.25
Robert Hall Surveyor 700.00
Malcolm Pirnie Engineer 3,827.54
Gerald Griffen Real Estate Appraiser 2,275.00
Wapner, Koplovits &
Futerfas 25,550.00
Total Allowance $34,684.79
The court denies the motion insofar as it seeks allowance for payments made to real estate appraiser Harold Fountain, *196 whose appraisal was not admissible. The court also denies an allowance for payments made to Lockwood-Kessler & Bartlett for services not adequately described and from which no admissible proof resulted. Finally, the court denies an allowance for the services of Laurie Gordon Hardy, Esq., for legal services. She is not admitted in this jurisdiction, did not appear in the action as counsel "pro hac vice” and is herself a party to the action.