OPINION OF THE COURT
Leonard Silverman, J.
Claimant seeks an additional allowance for actual and necessary costs, disbursements and expenses to achieve just *667 and adequate compensation for the appropriation of its property.
The date of the taking was October 18, 1985. The claim was filed on December 8, 1986. The trial was held November 21, 1988. By our memorandum decision, filed February 28, 1989, the court awarded claimant $31,000, plus interest. The State served a certificate of no appeal dated May 5, 1989, on claimant.
This application is predicated upon EDPL 701, as amended, effective August 7, 1987. That amendment deleted the requirement that the award be in excess of 200% of the amount of the condemnor’s proof and deleted the provision limiting the amount of the additional award. The statute now provides for an additional award "for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees actually incurred by such condemnee” where the award "is substantially in excess of the amount of the condemnor’s proof’.
Initially, the defendant opposes the use of the amended statute since this action began prior to the effective date of the amendment. This argument must fail since the amendment is remedial in nature (Matter of New York City Tr. Auth. [Gun Hill Bus Depot], 142 Misc 2d 629; Town of Esopus v Gordon, 143 Misc 2d 193; Spear v State of New York, Ct Cl, Mar. 28, 1989, Margolis, J., claim No. 73272). We find the reasoning employed in the above-cited cases to be moré persuasive and compelling than the single, contrary authority advanced by the defendant (Matter of New York City Tr. Auth., NYLJ, May 18, 1988, at 16, col 1). We also note that the trial and decision in this matter came after the effective date of the statute.
The defendant next suggests, without referring to any specific dollar or percentage amounts, that the claimant has not demonstrated that the award is substantially greater than the condemnor’s proof. Counsel "supports” this contention by arguing that the use of the word "substantial” is so vague that it is meaningless. To prove the point he cites different standards when the word is used in connection with "substantial evidence” and "substantial collateral”. This convoluted double-talk is an unconvincing attempt to obfuscate the simple.
It is an elementary principle of statutory construction that if there is any doubt as to the meaning of a word, it is to *668 be given its usual and commonly understood meaning (McKinney’s Cons Laws of NY, Book 1, Statutes § 232). Instead of combining the word with others and straining to interpret the meaning of a phrase, counsel should have referred to an ordinary dictionary for the definition (McKinney’s Cons Laws of NY, Book 1, Statutes § 234). Even though we have no doubt as to the meaning of the word substantial we will, for defendant’s sake, resort to the dictionary. Substantial is defined as "of ample or considerable amount, quantity, size, etc.” (Random House Dictionary of the English Language [unabridged ed 1967]).
To begin, we must first determine whether the award "is substantially in excess of the amount of the condemnor’s proof’. This question requires a comparison between two amounts. We know the amount of the award but what amount do we consider as the condemnor’s proof? Is it the initial offer or the amount of damages set forth in defendant’s appraisal?
When the State desires to exercise its power of eminent domain, it is mandated to appraise the property and make a Written offer of just compensation for the property to be acquired (EDPL 303). The condemnee may then accept the offer based upon the appraisal as payment in full, or reject the offer and file a claim for what he believes to be just compensation. In the latter event, both parties must retain experts who prepare formal trial appraisals. The amount of damages in the condemnor’s trial appraisal may be similar to the initial offer or it may be substantially more. In those instances where the two amounts are not similar (for example, assume the trial appraisal in this case found damages to be $27,000 as opposed to an initial offer of $1,350), the answer to the above question becomes critical.
To resolve this issue, we must focus on the purpose of the amendment which is to assure that a condemnee receives a fair recovery. The amendment originated from a proposal by the Law Revision Commission. In its memorandum in support, the Commission states: "Under present law a property owner in New York cannot recover attorney’s fees and other litigation expenses stemming from a challenge to a condemnor’s offer of just compensation for property acquired by eminent domain. If the condemnee elects to challenge the condemnor’s offer, the ultimate award is necessarily reduced by these unrecoverable litigation expenses. As a result, although perceiving an offer to be inadequate, the condemnee might choc.se *669 not to risk these litigation expenses, thereby foregoing in effect a constitutional and statutory right to receive just compensation. Additionally, when a property owner does challenge an offer, present law provides only for the recovery of extraordinary expert witness fees and only if the award is at least two hundred percent of the condemnor’s proof. Such a recovery does not address the problem of the often costly ordinary expert witness fees borne by the property owner” (emphasis supplied).
Clearly, the intent of the statute was to correct inequities relative to the initial offer. The desired result being a saving or reimbursement to condemnees of litigation expenses.
In perusing the numerous letters and memoranda submitted to the Governor by interested groups and governmental agencies prior to enactment of the amendment, it becomes even more apparent that those interpreting the measure viewed it as we do, i.e., applicable to the initial offer.
The Division of the Budget, in its memorandum, dated July 28, 1987, makes reference to the "litigation expenses incurred in a proceeding to challenge a condemnor’s Offer of Just Compensation”. The Department of Transportation, in a letter by Darrell W. Harp dated July 21, 1987, wrote that the amendment would "give the property owner 100 percent of the offer” and "a chance of being reimbursed for all of these [litigation] costs”.
The Attorney-General, Robert Abrams, in his memorandum dated July 23, 1987, wrote the following: "The clear purpose of the bill is to enable condemnation claimants to avoid having to risk litigation expenses when they reject the compensation offered by the condemnor” (emphasis supplied).
The only interpretation which would fulfill the legislative intent of the amendment is to utilize the initial offer for comparison purposes. The purpose of the amendment would be defeated were we to use amounts for comparison which were not available until after the condemnee has retained an attorney and an expert and filed his own appraisal. We must base our determination on the amount that was offered at a time when the litigation expenses could be saved.
Therefore, comparing the initial offer of $1,350 to the award of $31,000, we find that the difference of $29,650, which is 2,296% of the offer, is ample and considerable and, therefore, substantial.
Having concluded that the substantial test has been met, we *670 must next determine if an additional award is necessary for claimant to achieve just and adequate compensation.
To receive a fair and just award for the property acquired, claimant was required to retain counsel and a real estate appraiser. The cost to claimant for the appraisal and expert testimony was $2,650. Claimant entered into a contingency fee agreement with counsel dependent upon a percentage of the award over and above the initial offer. Pursuant to that agreement, counsel is entitled to receive approximately $12,300. This amount is calculated by subtracting the sum of the initial offer and the appraiser’s fee ($<!.,000) from the judgment ($40,896.63) and multiplying the result by one third. The court finds these fees, costs and expenses to be reasonable and necessary. We arrive at this conclusion following an examination of counsel’s affirmation which recited the efforts expended on this matter as well as what we find to be a reasonable contingency fee agreement.
In sum, claimant has to spend $14,950 to recover just compensation of $31,000. Under these circumstances, we deem it necessary to grant this motion and award claimant an additional allowance of $14,950 pursuant to EDPL 701.
Finally, we find no merit to the argument that the application of this section against the State is legally barred. The additional allowance is not the equivalent of punitive damages as suggested by defense counsel. The EDPL contains numerous references to the State and this particular statute has been applied to actions involving the State (Spear v State of New York, supra; Bishop v State of New York, Ct Cl, Oct. 2, 1986, Silverman, J., claim Nos. 64098, 64123, and 64122). Further, Court of Claims Act § 27 specifically provides for attorney’s fees and disbursements to be awarded pursuant to EDPL 701.
Claimant’s request for interest on this amount is denied. This is a cost provision and interest on such an award is not proper (CPLR 5001 [a]; Spear v State of New York, supra).
Accordingly, the clerk shall enter an additional judgment in favor of claimant in the amount of $14,950.