OPINION OF THE COURT
Leonard Silverman, J.
Claimant seeks an additional allowance for actual and necessary costs, disbursements and expenses pursuant to EDPL 701.
After trial, this court awarded claimant a judgment for the permanent, partial appropriation of its property in the amount of $56,390 plus interest. The decision was filed on June 7, 1989. Judgment was entered on August 3, 1989. The defendant served a certificate of no appeal dated September 8, 1989 on claimant.
Claimant’s expert testified at trial that the subject property sustained damages in the amount of $138,000. Defendant’s *398 expert opined that the total damages were $30,000. Upon the making of this motion, we learned that the initial offer to the claimant pursuant to EDPL 303 was $19,500.
The trial and decision came after the effective date of the amendment to EDPL 701. Therefore, the amended statute must be considered for this application (Matter of New York City Tr. Auth. [Gun Hill Bus Depot], 142 Misc 2d 629; Town of Esopus v Gordon, 143 Misc 2d 193; Long Is. Pine Barrens Water Corp. v State of New York, 144 Misc 2d 665).
To award the additional allowance sought by claimant, we must determine that the "award is substantially in excess of the amount of the condemnor’s proof’ and that the additional allowance is necessary "for the condemnee to achieve just and adequate compensation” (EDPL 701).
In determining whether the award is substantially more than the condemnor’s proof, this court must utilize the amount of the initial offer for comparison purposes (Long Is. Pine Barrens Water Corp. v State of New York, supra; Done Holding Co. v State of New York, Ct Cl, Aug. 18, 1989, Silverman, J. [M-40731]). This is the only interpretation of the statute which is reasonable and also renders the statute effective with regard to its stated purpose (see, mem in support of amendment from Law Rev Commn, 1987 McKinney’s Session Laws of NY, at 1994; Gov Cuomo’s mem upon approval of bill, 1987 McKinney’s Session Laws of NY, at 2724).
In the case before us, the defendant argues that the award is not substantially above the initial offer. We do not agree. The award of $56,390 is 289% greater than the initial offer.
Prior to the amendment, the statute provided for an additional allowance where the award was more than 200% of the condemnor’s proof. The amendment was intended to facilitate the recovery of expenses. Therefore, any award which is more than 200% of the condemnor’s proof must be considered substantial. Had the initial offer been similar to the amount of damages asserted by defendant’s trial appraiser, we would find that the award was not substantially greater.
Nonetheless, the conclusion that the award is substantially greater than the proof only satisfies the first condition. An additional allowance is not mandated merely because the award is substantially greater than the initial offer. Claimant must also establish that the additional award is necessary to achieve just and adequate compensation. It is this standard which prevents the statute from being abused and which *399 ensures that the statute will not be an incentive for frivolous litigation (Gov Cuomo’s mem approving bill, 1987 McKinney’s Session Laws of NY, at 2724).
To this point claimant has incurred expenses of $2,500 for the appraisal, $2,100 for the appraiser’s testimony and approximately $19,200 in legal fees. Interestingly, claimant does not seek an allowance for the engineering expenses which it certainly incurred. We do not think this was an oversight but rather an intentional omission since it was the engineer’s opinion which we expressly rejected and which also formed the basis for the appraiser’s opinion that damages were $138,000.
The amendment to EDPL 701 is intended to enable an owner to recover litigation expenses resulting from an inadequate offer by a condemnor. However, the statute should not be construed as an incentive for litigation by the property owner.
Whereas the amount awarded was 289% greater than the offer, we also note that the amount sought was 244% greater than the award. This court believes that the statute should not be interpreted as a single-edge sword. If an owner can recover an additional allowance where a condemnor tenders a substantially inadequate offer, shouldn’t the State be allowed to recover its expenses, where an owner’s substantially inflated demand results in the same litigation? Prior to ascending to the Bench, this court had the ability to initiate such legislation, we may now only make suggestions and hope the Legislature will balance the equities.
We find that it was not the inadequacy of the defendant’s offer which was the sole basis for the litigation. An equal, if not greater, cause was the substantially inflated appraisal submitted by claimant’s expert. Although we believe it was based upon a good-faith opinion by the expert, claimant did not prevail on any of the issues at trial and were it not for claimant’s appraisal, it is likely this matter would not have resulted in the litigation which ensued. Therefore, we do not find that claimant incurred all of the litigation expenses to disprove the inadequacy of the defendant’s offer, but rather that these expenses were undertaken with the hope of recovering a far greater amount than actually realized. Under these circumstances, we cannot reward claimant for a failed gamble.
Accordingly, the motion is granted to the extent that we *400 will award claimant an additional $2,500 which represents the cost of the appraisal and $7,500 for attorney fees. This is the extent of the legal fees which we deem reasonable under the circumstances. Therefore, the total amount of the additional award is $10,000. We deem this amount to be the total additional costs resulting from the inadequate initial offer. We attribute the balance of the expenses to claimant’s zeal in seeking an award substantially greater than was ultimately awarded. Such expenses should not be recoverable.
The clerk shall enter an additional judgment in favor of claimant in the amount of $10,000. This judgment shall be without interest, costs or disbursements (CPLR 5001 [a]; Long Is. Pine Barrens Water Corp. v State of New York, supra).