OPINION OF THE COURT
Edwin Kassoff, J.
In this condemnation proceeding, claimants, Malto Realty Corporation and Superior Reed & Rattan Furniture Company, move for an additional allowance pursuant to EDPL 701. By order of this court dated July 22, 1988, claimants’ initial motion for the same relief was denied. Claimants appealed the judgment and order in this case. On appeal the Appellate Division, Second Department, affirmed the judgment of this court as to the underlying condemnation award and reversed the order denying claimants’ motion for fees pursuant to EDPL 701. The Appellate Division found that the amended version of EDPL 701 was to be retroactively applied to the claimants’ motion and remitted the matter to this court for a new determination in accordance with its ruling. (Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], 160 AD2d 705.)
Prior to August 1987, EDPL 701 provided for a discretionary award of additional allowances to reimburse a condemnee for certain limited expert services. A legislative amendment deleted the requirements that the award be in excess of 200% of the amount of the condemnor’s proof and that the expenses incurred by the condemnee be extraordinary. (See, L 1987, ch 771, §§ 1, 2.) As amended, EDPL 701 now provides for greater judicial discretion when determining reimbursement, permitting an award for "reasonable attorney, appraiser and engineer fees” where the award is "substantially in excess of the amount of the condemnor’s proof.” Accordingly, the issues before this court are whether the award is substantially in excess of the condemnor’s proof, and if so, whether an additional allowance is necessary for claimants to achieve just compensation.
In determining whether the award is substantially more than the condemnor’s proof, this court must utilize the amount of the initial offer for comparison purpose. (Karas v State of New York, 169 AD2d 816; Done Holding Co. v State of New York, 169 AD2d 809.) Contrary to the city’s contentions, *919 the value of those items not included in the initial offer to claimants on their fixture claim but labeled by the city as "if compensable” or "real estate” by the city’s appraiser should not be considered in comparing the initial offer with the final award. The Appellate Division specifically rejected the city’s argument by stating that "the city’s initial offer, rather than its trial proof, be utilized for comparison purposes.” (Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.] supra, at 709-710.) The record reveals that the city authorized an advance payment of $492,000 for claimants’ real property claim and initially offered $128,930 for claimants’ fixture claim. After trial, this court awarded claimants $1,082,200 for their real property claim and an additional $318,300 for their fixture claim. The final real property award is 220% greater than the condemnor’s initial offer and the fixture award is 246% greater than the initial offer. It is clear that the difference between the initial offers and final awards herein are ample and considerable, and, thus, substantial. (Cf., Done Holding Co. v State of New York, supra; Karas v State of New York, supra.) In reaching this conclusion, the court has considered the actual dollar amounts, as well as the percentage differences, and has taken into account the legislative intent of the amendment which deleted the 200% requirement.
The conclusion that the award is substantially greater than the proof only satisfies the first condition. An additional allowance is not mandated merely because the award is substantially greater than the initial offer. Claimant must also establish that the additional award is necessary to achieve just and adequate compensation. (See, Town of Esopus v Gordon, 143 Misc 2d 193, mod 162 AD2d 829.) It is this standard which prevents the statute from being abused and which ensures that the statute will not be an incentive for frivolous litigation by the property owner. (Frisbro Enters. v State of New York, 145 Misc 2d 397.) Upon approving the bill amending EDPL 701, Governor Cuomo recognized that "concerns have been expressed that the bill will increase litigation”. However, the Governor stated that as a specific safeguard against such abuse the bill requires that "the court must find that the recovery of litigation expenses is necessary for the condemnee to receive just and adequate compensation.” (Governor Cuomo’s mem approving bill, 1987 McKinney’s Session Laws of NY, at 2724.) Thus, where certain expenses have been incurred not to achieve just and adequate *920 compensation but for other purposes, those expenses should not be recoverable.
In this case the city’s initial offer was less than half of the value of claimants’ property and it was necessary for the claimants to retain an attorney and expert appraisers, file a claim, commence preparation for trial, and institute this litigation. A review of the record also reveals, however, that the city’s inadequate offer was not the sole basis for the high cost of litigation in this case. Specifically, a significant segment of the trial revolved around the attempt by claimants to establish that numerous items of realty and personalty were compensable as trade fixtures. Whereas the amount awarded for fixtures was 246% greater than the initial offer, the amount sought by claimants was 331% greater than the award. Many of the items alleged by the claimants to be compensable were rejected by this court. The Appellate Division, Second Department, similarly found claimants’ arguments to be without merit and affirmed this court’s award. Thus, with respect to fixtures, much of the time and expense incurred by claimants were brought about not simply to prove the inadequacy of the city’s offer, but were incurred in the hope of recovering a far greater award than was actually realized.
The court now turns to an examination of the expenses sought by claimants. Claimants maintain that in order to recover just and adequate compensation they had to incur the following expenditures:
[[Image here]]
Attorney’s fees were based upon a retainer agreement whereby counsel was to receive 4V¿% of the final real estate award and 22% of the final fixture award plus interest. The attorney’s fees were based on counsel’s estimates of what the total recovery would be because interest was still accruing. The final amounts are slightly higher than the amounts estimated by counsel. Claimants also seek reimbursement for legal fees in the sum of $1,000 incurred to expedite the advance payment, miscellaneous charges of $940.60, and legal fees in the amount of $7,500 incurred to defend a motion by the city to increase use and occupancy charges. Also sought by *921 claimants are legal fees totalling $13,500 for the appeal of the judgment and order in this proceeding, and $16,100 representing the time spent by claimants’ president, Matthew Giannasca, in recovering the awards.
EDPL 701 empowers the court to award an additional allowance of "reasonable” attorney, appraiser and engineer fees actually incurred by the condemnee. The Law Revision Commission to the 1987 Legislature rejected the idea that the factors supporting a reasonable attorney’s fee should be enumerated in the EDPL. Rather, the Commission believed that since the issue of valuation in eminent domain proceedings is very complex, thereby resulting in a unique determination of value in each case, the Trial Judge is in the best position to assign a value for attorney’s fees. The Commission further stated that reference should be made by a court to DR 2-106 of the Code of Professional Responsibility and that the courts can decide on a case-by-case basis whether a contingent fee arrangement is reasonable. (1987 Report of NY Law Rev Commn, 1987 McKinney’s Session Laws of NY, at 2007-2012.) The factors enumerated in DR 2-106 in measuring attorney’s fees include: the time spent, the difficulty of issues involved, the skill required by the attorney, the customary fee, the attorney’s experience, the amount involved, and the results obtained.
With respect to the legal fee for the recovery of the real property award, counsel and claimants entered into a retainer agreement dated April 25, 1978 whereby counsel was to receive 4% of the total award received plus disbursements. By agreement dated November 18, 1981, the real estate retainer was increased to 41/i%. As the total amount recovered on claimants’ real property claim was $1,295,320.85, claimants paid attorney’s fees in the amount of $58,289.43. The court notes that retainer agreements similar to the agreement herein are an accepted practice in the field and have been utilized by the courts as a factor in determining reasonable fees. (Done Holding Co. v State of New York, 169 AD2d 809, supra.) The court has also considered counsel’s success in prevailing upon many of the valuation issues at trial as to claimants’ real property, the results obtained by counsel, counsel’s experience, and the many years spent litigating this proceeding. In view of the intent of the statute to reimburse claimants for litigation expenses resulting from an inadequate offer by a condemnor, the fact that the award was 220% greater than the city’s offer, and the fact that claimant’s *922 appraisal was 119% greater than the award, the court finds that $40,000 is a reasonable attorney’s fee.
The court also finds that an additional allowance of $7,500 should be awarded to claimants for the fee of their real estate appraiser, Robert Von Ancken. Much of Mr. Von Ancken’s appraisal and testimony was instrumental in determining the fair market value of claimants’ real property. While claimants’ comparable properties were utilized in determining value, the court has also considered the fact that the appraisal was 119% greater than the award. An allowance of $1,278.92 shall also be awarded to claimants for the costs incurred in obtaining photographs used at trial.
Claimants also seek the recovery of attorney’s fees incurred in obtaining their fixture award. Pursuant to a retainer agreement dated April 25, 1978 claimants assigned counsel l&Vz% of the total fixture award recovered. The agreement states that the fee for the fixture appraiser, Philip Hurt, was to be deducted from the attorney’s fee. By agreement dated November 18, 1981, the fixture retainer was increased to 22%. The total fixture award, including interest, ultimately recovered by claimants was $551,407.93. The final legal fee, including the fee of the fixture appraiser, incurred by claimant was $121,309.74.
Initially, claimant sought to recover $1,056,647 on its trade fixture claim. The court notes that the difference between this amount and the fixture award was $738,347, while the difference between the city’s initial offer and the final award was $189,370. Claimants’ inflated demand was largely the result of their erroneous position on the compensability of numerous items alleged to be fixtures by their appraiser. Claimants did not prevail at trial as to many items and were unsuccessful in their appeal as to the compensability of those items. The court finds that a major cause for the high litigation expenses incurred by claimants was the substantially inflated appraisal submitted by claimants’ expert.
Claimants’ determination to establish that numerous building items, machinery, equipment and work area items were compensable, resulted in unnecessary legal expenses which should not be recoverable. (See, Frisbro Enters. v State of New York, 145 Misc 2d 397, supra.) Claimants argued that every item of machinery and equipment used in the manufacture of rattan furniture constituted compensable trade fixtures. Similarly, they asserted that all items comprising work stations or *923 work benches used in the manufacture of rattan furniture were fixtures. Claimants incurred substantial time and expense in erroneously arguing that the mere use of these items in the manufacturing process converted them to compensable fixtures. In addition, claimants were unsuccessful in their attempt to establish that numerous building items were compensable as trade fixtures. Claimants’ appeal of this court’s determination that said items were noncompensable was also unsuccessful. While EDPL 701 was enacted to encourage the condemnor to make reasonable offers for land appropriated through condemnation and thus eliminate unnecessary litigation expenses for the property owner, the court should also consider whether the property owner has caused the condemnor and the courts to incur unnecessary costs.
This court finds that most of the costs incurred by claimants in the recovery of their fixture award were not incurred to prove the inadequacy of the city’s offer. Rather, much of the expense was incurred in the hope of recovering a far greater amount than was awarded. Under these circumstances, the court finds that an additional allowance of $20,000 for attorney’s fees, including the fee of the fixture appraiser, is reasonable.
No additional allowance shall be awarded to claimants for attorney’s fees incurred in the appeal of the judgment herein. Claimants maintained on appeal that the award was inadequate. The Appellate Division affirmed the judgment. It is beyond cavil to assert that EDPL 701 be interpreted to require the city to reimburse claimants for the cost of their unsuccessful appeal. Nor will any allowance be awarded for attorney’s fees incurred to defend a motion by the city to increase use and occupancy charges or for fees incurred to expedite the advance payment. In addition, no additional allowance shall be awarded to claimants for the time spent by claimants’ president in obtaining the award.
Claimants also seek the sum of $940.60 representing miscellaneous costs. The court finds that many of the items, with the exception of $38 for transcript costs, would have had to be incurred irrespective of the city’s offer. For example, costs incurred with regard to tax searches, mortgage satisfaction and certificates of occupancy are disallowed. (See, Town of Esopus v Gordon, 143 Misc 2d 193, supra; Matter of New York City Tr. Auth. [Gun Hill Bus Depot], 142 Misc 2d 629.) Given the vague descriptions of certain other items such as "messengers” and "federal express” it is impossible to state that the *924 costs of such items were incurred in order to obtain the condemnation award herein and they are disallowed.
In accordance with the foregoing, claimants’ motion pursuant to EDPL 701 is granted and claimants are awarded an additional allowance of $68,816.92 without interest. (CPLR 5001 [a].)