■ FIRST BANK & TRUST CO. OF CORNING, as Trustee, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 71348.)—Order unanimously affirmed without costs. Memorandum: The appropriation and claim here antedate the August 7, 1987 effective date of the amendment to EDPL 701, which permits a discretionary allowance for attorney's, appraiser's and engineering fees. The State argues that the amendment may not be applied retroactively. We disagree. The amendment does not create a new remedy; it merely expands a preexisting one *(see, Thomas v State of New York,* 179 AD2d 945 [3d Dept]; *Lee-Hi Fuel Corp. v State of New York,* 179 AD2d 494 [1st Dept]; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.],* 160 AD2d 705 [2d Dept]). Moreover, the amended statute is remedial in nature and, in the absence of a clear expression of legislative intent to the contrary, it should be given retroactive construction (McKinney's Cons Laws of NY, Book 1, Statutes § 55; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], supra).* EDPL 701, as amended, is applicable here for the further reason that the right to an additional allowance did not accrue until the award was made on September 19, 1990, three years after the amendment's effective date *(see, Lee-Hi Fuel Corp. v State of New York, supra; Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], supra).* The Court of Claims was correct, therefore, in finding that the amended provisions of EDPL 701 applied.

The discretionary award of an additional allowance, however, requires that two conditions be met. First, the award must be "substantially in excess of the amount of the condemnor's proof" (EDPL 701). The Court of Claims held that the appropriate measure is the difference between the State's initial offer and the amount awarded. We agree *(see, Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], supra; see also, Lee-Hi Fuel Corp. v State of New York, supra; Done Holding Co. v State of New York,* 169 AD2d 809). Here, the original offer was $51,400 and the amount awarded was $151,300, a 294% increase. The fact that the award was substantially in excess of the State's original offer, however,

satisfies only the first element of EDPL 701 and is not sufficient by itself to justify an award of an additional allowance.

The claimants' trial preparation and large legal, appraisal and engineering expenses were not necessary to meet the second condition that the expenses be incurred "to achieve just and adequate compensation". Claimants' expenses were incurred to develop and present their unsuccessful claim for consequential damages of more than $2,000,000 to a non-appropriated parcel. That theory was rejected by the trial court and had no effect on the amount of damages awarded. The Court of Claims, therefore, correctly exercised its discretion in finding that an additional allowance was not warranted. (Appeal from Order of Court of Claims, Hanifin, J.—Additional Allowance.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.