satisfies only the first element of EDPL 701 and is not sufficient by itself to justify an award of an additional allowance.

The claimants' trial preparation and large legal, appraisal and engineering expenses were not necessary to meet the second condition that the expenses be incurred "to achieve just and adequate compensation". Claimants' expenses were incurred to develop and present their unsuccessful claim for consequential damages of more than $2,000,000 to a non-appropriated parcel. That theory was rejected by the trial court and had no effect on the amount of damages awarded. The Court of Claims, therefore, correctly exercised its discretion in finding that an additional allowance was not warranted. (Appeal from Order of Court of Claims, Hanifin, J.—Additional Allowance.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.

■ GEORGE J. HAKES, JR., et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Appeal No. 1.) (Claim No. 71384.)—Judgment unanimously modified in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: Although the amendment to EDPL 701 applies retroactively to this case, and although the amount awarded was substantially in excess of the amount originally offered by the State, we find that the Court of Claims properly exercised its discretion in denying claimants' application for an additional allowance to reimburse them for appraisal fees and the cost of a geological report and trial transcript *(see, First Bank & Trust Co. v State of New York,* 184 AD2d 1034 [decided herewith]). The Court of Claims stated that much unnecessary time was also spent by claimants' attorney in developing their rejected proof of damages. Nevertheless, it found that the cross-examination of the State's expert by claimants' counsel was largely responsible for the amount awarded, and granted an allowance of $2,642 for attorney's fees. In the exercise of our discretion *(see, Chopp v Welbourne & Purdy Agency,* 135 AD2d 958), we modify to increase that allowance to $5,000. (Appeals from Judgment of Court of Claims, Hanifin, J.—Additional Allowance.) Present— Green, J. P., Pine, Boehm, Fallon and Davis, JJ.

■ GEORGE J. HAKES, JR., et al., Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 2.) (Claim No. 71384.)— Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). (Appeal from Order of Court of Claims, Hanifin, J.—Additional Allowance.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.