■ In the Matter of the Acquisition of Real Property by the VILLAGE OF JOHNSON CITY, Respondent. WALDO'S, INC., Appellant. [660 NYS2d 225] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered May 24, 1996 in Broome County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant as a result of petitioner's acquisition of real property.

---

When this case was previously before us (215 AD2d 917), we found that because neither party's appraiser had properly considered all of the factors bearing on the value of the subject property in the Village of Johnson City, Broome County, at the time of the taking, including the effect of the desire by Wegmans Enterprises, Inc. to obtain the property in connection with its plans to construct a "superstore" on an adjacent parcel, there was no basis from which Supreme Court—or this Court— could determine the amount of compensation that should be paid therefor (*cf., Matter of County of Suffolk [Firester]*, 37 NY2d 649, 653). Accordingly, the matter was remitted to Supreme Court and a second trial was held, at which the parties tendered proof as to the effect that Wegmans' participation in the market would have had on the value of claimant's property.*

In support of its assertion that the subject property was worth $1 million, claimant submitted evidence tending to establish that Wegmans had a strong motivation to purchase it, that Wegmans would not have been able to obtain approval of the project by petitioner without the additional access that would be provided thereby, and that Wegmans had paid substantial sums to purchase other parcels which afforded similar, or less significant, benefits to the overall project. As a result claimant's appraiser, Eugene Albert, concluded that Wegmans would have been willing to pay $1.5 million for the subject, and that it almost certainly would have done so, had the condemnation not intervened.

On the other hand, petitioner's appraiser determined—after asking Wegmans' real estate director about the company's intentions with respect to the subject property, and reviewing its recent land purchases around the State, as well as other relevant commercial transactions—that at the time of the taking, Wegmans' desire to obtain the property would have only increased its market value by approximately 15% over the previously established stand-alone value of $444,675. To bolster this conclusion, petitioner elicited testimony from Wegmans' real estate director, who confirmed that Wegmans would have proceeded with its development plans even if unable to purchase the subject, and would have been willing to pay the stand-alone value, and possibly as much as $600,000, to acquire it. A Village planner also opined that the municipality would

* Both parties' appraisers agreed that the property's market value would have been somewhat less than the highest price Wegmans would have paid, because a reasonable seller would have opted for a "sure sale" at a lower price rather than risk the possibility of no sale at all.

not have disallowed the proposed development merely because of the unavailability of the subject property.

Supreme Court found the opinion of petitioner's expert more credible and his analysis more thorough than that proffered by claimant and awarded claimant $511,500. Judgment was entered accordingly and claimant appeals.

The record, as now developed, provides ample foundation for Supreme Court's conclusion that the true market value of the subject property at the time of the taking was $511,500. Given the testimony of Wegmans' real estate director and the Village planner, which further substantiates Supreme Court's earlier finding—affirmed by this Court—that "acquisition of the subject property was not * * * a necessary prerequisite to the implementation of Wegmans' plans" (215 AD2d 917, 918), and also establishes that Wegmans would have only elected to purchase the property if it could do so "at a fair price", Supreme Court's rebuff of claimant's position on these issues was not inappropriate.

Having rejected the factual premises upon which Albert's valuation was based, Supreme Court turned to the testimony and report of petitioner's appraiser, Charles Francis, whom it found—not incorrectly, in our view—had used a rational, albeit novel, method to determine the value of the subject property. Although claimant continues to urge that Francis' assessment is flawed because he did not consider the price Wegmans paid for two parcels it acquired for the purpose of "squaring off" its lot, Francis adequately explained why he found this transaction to be of little or no utility. Bearing in mind that the evaluation of the suitability of allegedly "comparable" sales is a matter within the sound discretion of the trial court (*see, Levin v State of New York*, 13 NY2d 87, 92; *Chase Manhattan Bank v State of New York*, 103 AD2d 211, 222), we cannot say that it erred in accepting Francis' conclusion in this respect (*see, Matter of City of New York v Estate of Levine*, 196 AD2d 654, 655, *appeal dismissed* 84 NY2d 864, *lv denied* 88 NY2d 803).

Claimant next contends that Francis' valuation was tainted because he factored the impending condemnation into his valuation of the subject property (*see, Matter of City of Buffalo v Clement Co.*, 28 NY2d 241, 258; *Niagara Frontier Bldg. Corp. v State of New York*, 33 AD2d 130, 133, *affd* 28 NY2d 755). Despite the presence in Francis' appraisal report of several statements that might, if viewed in isolation, warrant a contrary finding, that report, taken as a whole, indicates that he did not stray from his assigned task, that of determining the value of the property on the date of the taking, assuming that no condemnation had occurred.

Nor are we convinced that the methodology Francis employed was, as claimant suggests, improper, irrational or tailored to arrive at a particular result. Given his finding that truly comparable sales did not exist, his reliance upon other factors to determine the amount by which Wegmans' influence would have affected the property's value was not unreasonable.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.