■ In the Matter of the Acquisition of Real Property by the VILLAGE OF JOHNSON CITY, Respondent. WALDO'S, INC., Appellant. [715 NYS2d 775] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered June 28, 1999 in Broome County, which denied claimant's motion pursuant to EDPL 701 to recover an additional allowance.

In 1988, petitioner condemned claimant's property. Claimant rejected petitioner's $429,801 appraised valuation of the property, and on December 22, 1988 an advance payment in that amount was deposited with the Broome County Treasurer. Ultimately, after two trials, Supreme Court made an award to claimant of $511,500, which was upheld on appeal to this Court (241 AD2d 874, *lv denied* 91 NY2d 802). Nearly two years later, claimant sought an additional allowance of counsel fees and disbursements pursuant to EDPL 701. Supreme Court denied the application, and claimant appeals.

We affirm. Before Supreme Court may award a discretionary additional allowance under EDPL 701, two conditions must be satisfied: (1) the award must be "substantially in excess of the amount of the condemnor's proof," the appropriate measure there being the difference between the initial offer and the amount ultimately awarded, and (2) the expenses must have been incurred "to achieve just and adequate compensation" (EDPL 701; *see, Hakes v State of New York*, 81 NY2d 392, 397; *County of Oswego v Maroney*, 186 AD2d 1031; *First Bank & Trust Co. v State of New York*, 184 AD2d 1034, *affd* 81 NY2d 392; Meehan, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 16A, EDPL 701, 2000 Pocket Part, at 121-122). We agree with Supreme Court's conclusion that neither condition was satisfied in this case.

First, although EDPL 701 does not currently quantify the required excess over the condemnor's proof,* certainly "'more than a modest increase in value'" is required (*Matter of Malin v State of New York*, 183 AD2d 899, 900, quoting Governor's Mem approving L 1987, ch 771, 1987 McKinney's Session Laws of NY, at 2724; *see, Matter of New York City Tr. Auth. [Gun Hill Bus Depot]*, 142 Misc 2d 629, 634). Courts have upheld additional allowances in cases where the excess was far less than the formerly required 200% (*see, e.g., Matter of Town of Islip v Sikora*, 220 AD2d 434 [37% or $204,207]; *Matter of E.D.J. Quality Realty Corp. v Village of Massapequa Park*, 204 AD2d 321 [58% or $55,734]; *Scuderi v State of New York*, 184 AD2d 1073 [41.4% or $20,100]; *Matter of Malin v State of New York, supra* [79% or $209,600]; *Karas v State of New York*, 169 AD2d 816 [41.6% or $75,718]; *Matter of City of New York [Broadway Triangle Urban Renewal Area]*, NYLJ, June 30, 1997, at 35, col 5 [Sup Ct, Kings County, June 30, 1997, Scholnick, J.] [29% or $47,200]; *Matter of New York City Tr. Auth. [Gun Hill Bus Depot], supra*, at 634 [36% or $656,000]; *but see, Matter of*

---

* Prior to 1987, EDPL 701 required that the award be in excess of 200% of the amount of the condemnor's proof (*see,* L 1987, ch 771, § 1).

*County of Clinton [Gagnon]*, 204 AD2d 898 [51.7% or $3,287]). Nonetheless, we find no reported case where a percentage excess anywhere near as small as the present one ($81,700, or 19% of the original offer) was classified as "substantial." In fact, in *Matter of New York State Urban Dev. Corp. (42nd St. Dev. Project)* (183 Misc 2d 900, 902), an excess of 19.79% was found to be insufficient.

As for the second requirement, considering that the ultimate award exceeded petitioner's initial appraisal by less than 20% and that a substantial part of claimant's counsel and appraisal fees were expended in an effort to achieve an inflated value and propounding valuation theories that were totally rejected by Supreme Court, the record supports a finding that the claimed expenses were not necessarily incurred "to achieve just and adequate compensation" (EDPL 701; *see, Matter of City of New York [China Plaza Co.]*, 254 AD2d 210; *First Bank & Trust Co. v State of New York*, 184 AD2d 1034, 1035, *supra*; *Meyers v State of New York*, 166 Misc 2d 586, 589-590; *Frisbro Enters. v State of New York*, 145 Misc 2d 397, 399).

The parties' additional contentions either have been considered and found to be lacking in merit or need not be reached.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.